IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURLEY ANTONIO EDLER,
      Plaintiff,

vs.                                 Case No.  5:08cv275/SPM/EMT

J.K. SCHWARZ, et al.,
      Defendants.
_____/

## ORDER

This matter is before the court on Plaintiff's "Motion to Postpone its Ruling on Defendants' Motion for Partial Summary Judgment or Deny Defendants' Motion for Partial Summary Judgment" (Doc. 140). Plaintiff brings his motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, seeking an order denying Defendants' motion for partial summary judgment or granting a continuance to enable him to obtain affidavits or written depositions and other discovery materials (*id.*).

In support of his motion, Plaintiff states he requires affidavits from employees and inmates of the Florida Department of Corrections (FDOC) to oppose Defendants' motion for partial summary judgment (*see id.* at 2–4). He states he is unable to obtain affidavits because he is unable to locate and obtain written declarations from FDOC employees and inmates (*id.* at 2). Plaintiff states he made a diligent effort to obtain this information by contacting the warden of Holmes Correctional Institution (HCI) and requesting that he be permitted to correspond with inmates housed there, but the warden denied the request stating, "I have been provided no court order." (*id.*). Plaintiff seeks an order directing the FDOC to provide him the names of all inmates and employees of HCI and Santa Rosa Correctional Institution (SRCI) (*id.* at 4).

Rule 56(f) provides:

**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by

affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

Fed. R. Civ. P. 56(f).

Initially, the affidavit submitted by Plaintiff in support of his motion is facially insufficient, as it is not signed. Additionally, Plaintiff does not identify which of Defendants' three motions for partial summary judgment he is seeking to have denied or continued. Moreover, Plaintiff has failed to show that the discovery material he seeks is essential to justify his opposition to any of Defendants' motion. Rule 26(b)(1) limits the scope of discovery to the identity and location of persons who know of any discoverable matter, meaning any matter relevant to the subject matter of this action. Fed. R. Civ. P. 26(b)(1). According to the First Amended Complaint (Doc. 36), which is the operative pleading in this case, the events giving rise to this civil rights action occurred at HCI from August 2–22, 2008 (*id.*). Plaintiff has failed to show that any inmate or employee of SRCI has any knowledge of the events that occurred at HCI from August 2–22, 2008. Therefore, he has failed to show that affidavits from inmates and employees at SRCI are essential. Additionally, before the court will require the DOC to facilitate his obtaining affidavits or written depositions from other inmates and DOC employees, it is incumbent upon Plaintiff to supply identifying information about each individual and show that the individual has relevant information. For the aforementioned reasons, Plaintiff has failed to satisfy the requirements of Rule 56(f).

Finally, Plaintiff is advised that if he is not prepared to proceed with this litigation at this time, he should file a motion to voluntarily dismiss this action without prejudice to his refiling when he is prepared to proceed.[1]

---

[1] Plaintiff is advised that because Section 1983 does not contain a specific statute of limitations, Section 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. The Supreme Court has stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal

Accordingly, it is **ORDERED**:

Plaintiff's "Motion to Postpone its Ruling on Defendants' Motion for Partial Summary Judgment or Deny Defendants' Motion for Partial Summary Judgment" (Doc. 140) is **DENIED without prejudice**.

**DONE AND ORDERED** this 25th day of March 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

injury.  Wilson v. Garcia, 471 U.S. 261, 276 (1985).  Further, the Court stated that the statute, once selected, should govern all §1983 actions arising in that state.  *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250,1252 (11th Cir. 1985) (citations omitted).  The applicable statute of limitations in Florida is four (4) years.  Baker v. Gulf & Western Industries, 850 F.2d 1480, 1481 (11th Cir. 1988); Grace v. Wainwright, 761 F. Supp. 1520 (M. D. Fla. 1991); *see* Fla. Stat. § 95.11(3) (1991).